IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LGC GLOBAL INC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.  3:25-CV-01960-E** |
| | § | |
| **EAGLE CONTRACTING LLC** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Before the Court are Plaintiff's Petition and Motion to Vacate Arbitration Award and Appendices in Support (ECF Nos. 1–5); Defendant's Cross Motion to Confirm Award and Combined Response in Opposition, Appendix, and Brief in Support (ECF Nos. 17–19); Plaintiff's Consolidated Response to Motion to Confirm Arbitration Award and Reply in Support of Motion to Vacate (ECF No. 28); and Defendant's Reply and Appendix in Support (ECF Nos. 31–32). After considering the Parties' briefing and applicable law, Defendant's Motion to Confirm Award (ECF No. 17) is **GRANTED in part**, and Plaintiff's Motion to Vacate Arbitration Award is **DENIED**.

## I.     BACKGROUND[1]

This case arises from an arbitration dispute between Plaintiff LGC Global Inc. ("Plaintiff") and Defendant Eagle Contracting LLC ("Defendant") relating to a United States Army Corp of Engineers ("USACE") project in the Dallas-Fort Worth metro area ("the Project"). Defendant was a subcontractor to Plaintiff on the Project. After a dispute over the Project erupted between the

---

[1] The Court's recitation of the facts comes from Plaintiff's Brief in Support of the Motion to Vacate Arbitration Award (ECF No. 1-2) and Defendant's Brief in Support of the Cross Motion to Confirm Award (ECF No. 19)

Parties', Defendant commenced arbitration proceedings against Plaintiff. A panel of three arbitrators was convened (the "Panel"), and arbitration was held in Dallas, Texas between December 16–20, 2024. After the hearing closed, the Panel issued a Partial Final Award on April 29, 2025 finding in favor of Defendant and issued a Final Award on July 9, 2025 awarding Defendant $1,640,492.02 (collectively the "Award"). Plaintiff then commenced this action on July 28, 2025. The Parties' Motion are fully briefed and ripe for the Court's review.

## II.    LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs this dispute and provides that an award can be vacated when the "arbitrators are guilty of misconduct" by "refusing to hear evidence pertinent and material to the controversy" or when the "arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(3), (4). Review of an arbitration award, "has been interpreted narrowly and allows vacatur of an award only if the arbitrator acts outside the scope of his contractually delegated authority—issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract." *Kemper Corp. Services, Inc. v. Computer Scis. Corp.*, 946 F.3d 817, 822 (5th Cir. 2020).

In reviewing the award, the Court is "not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." *United Paperworkers Intern. Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987). The Court "must affirm an arbitral award 'as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority.'" *Sw. Bell Tel. Co.*, 953 F.3d at 826 (quoting *Misco, Inc.*, 484 U.S. at 38). This standard has been described as "extraordinarily narrow," "severely limited," and "one of the most deferential standards known to

the law." *Communications Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 826 (5th Cir. 2020) (citation modified). "The party defending against enforcement of the arbitral award bears the burden of proof." *YPF S.A. v. Apache Overseas, Inc.*, 924 F.3d 815, 819 (5th Cir. 2019) (internal quotation omitted).

### III.    ANALYSIS

Plaintiff moves the Court to vacate the Award based on alleged improprieties by the Panel.[2] Defendant seeks the opposite relief and moves to confirm the Award.[3] It also asks the Court to hold Plaintiff's surety, Swiss Re Corporation Solutions America Insurance Company, formerly known as North American Specialty Company ("Swiss"), jointly and severally liable for part of the Award.[4]

#### A.  Arbitration Award

Plaintiff's arguments for vacatur are distilled into three categories.

The first is that the Panel exceeded their powers by failing to issue a "reasoned award" and instead only provided a "perfunctory opinion."[5] But as Defendant correctly observes, Plaintiff's "attempt to label this award as "perfunctory" is baseless."[6] Plaintiff does not dispute that a panel issues a reasoned award when it lays "out the facts, describe[] the contentions of the parties, and decide[] which of the two proposals should prevail." *Apache Overseas*, 924 F.3d at 821.[7] Rather Plaintiff argues that the Panel did not provide enough analysis in its partial final order.[8] But "courts have generally been reluctant to vacate awards challenged on the grounds that their form was

---

[2] *See generally* Pl.'s Br. Supp. Mot. Vacate, ECF No. 1-2.
[3] Def.'s Br. Supp. Mot. Confirm 27, ECF No. 19.
[4] *Id.* at 28
[5] Pl.'s Br. Supp. Mot. Vacate 10, ECF No. 1-2.
[6] Def.'s Br. Supp. Mot. Confirm 16, ECF No. 19.
[7] Pl.'s Resp. 16, ECF No. 28.
[8] *Id.*; Pl.'s Br. Supp. Mot. Vacate 8–9, ECF No. 1-2.

improper." *Id.* at 820. To survive vacatur, all the Court needs to determine is whether the Panel issued more than a "'standard award,' which is a mere announcement of the arbitrator's decision." *Id.* (citation modified). Here, the Panel has done that. The Panel explicitly states it is issuing a reasoned award and articulates its reasoning in a 13-page, single-spaced opinion.[9] And as Defendant points out the Panel "provided a detailed, multipage chart of the factual determinations that served as the basis for their "legal determinations.'"[10] The Panel also concluded their opinion with a separate chart detailing their rulings on each item of damage. The Court concludes that the Panel "easily complies with the requirement to provide reasoning supporting the determination." *Id.*

Plaintiff's second argument is that the Panel exceeded their authority by "abandoning their interpretive role and ignoring the plain language of the contract."[11] However, the Court agrees with Defendant that "under scrutiny, this argument is little more than [Plaintiff's] disagreement with how the arbitrators interpreted the parties' agreement."[12] The Court "must sustain an arbitration award even if it "disagree[s] with the arbitrator's interpretation of the underlying contract as long as the arbitrator's decision draws its essence from the contract." *Kemper*, 946 F.3d at 822. Thus, "the sole question for [the Court] is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013). Here, the Panel easily meets this standard. The Award references the Parties' contract numerous times and resolved three contractual claims to arrive at its decision. The Award cannot be said to be so "unfounded in reason and fact", and "so

---

[9] Pl.'s App. Supp. Mot. Vacate APX0001–13, ECF No. 2.
[10] Def.'s Br. Supp. Mot. Confirm 15, ECF No. 19.
[11] Pl.'s Br. Supp. Mot. Vacate 12, ECF No. 1-2.
[12] Def.'s Br. Supp. Mot. Confirm 12, ECF No. 19.

unconnected with the wording and purpose of the contract as to manifest an infidelity [its] obligation." *Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d 534, 545 (5th Cir. 2016).

Plaintiff's third reason for vacatur is that the Panel prejudiced Plaintiff by limiting the testimony of its expert.[13] But the Court agrees with Defendant here as well that this argument is "little more than a disagreement with the arbitrators' view of [Plaintiff's] evidence."[14] The Panel was not "bound to hear all of the evidence tendered by the parties." *Forsythe Intern., S.A. v. Gibbs Oil Co. of Tex.*, 915 F.2d 1017, 1023 (5th Cir. 1990) Rather, it must only give each party "an adequate opportunity to present its evidence and arguments." *Id.* Here, Plaintiff's expert was not prohibited from testifying. Instead, according to Plaintiff, the Panel limited his "testimony under the belief that he was interpreting the parties' Subcontract, making legal conclusions."[15] Moreover, the Parties had a five-day hearing and presented reams of evidence.[16] The Panel's limitation of the expert's testimony does not "constitute the kind of fundamental error necessary for a finding that [Plaintiff] was deprived of a fair hearing." *Id.*

### B.  Joint and Several Liability Against Swiss

Defendant argues that "the Court also enter judgment against Swiss" because "[t]his action, originally against Swiss, was stayed pending resolution of the arbitration" and as Plaintiff's "surety, Swiss is bound by the result of [the] arbitration."[17] However, the Court agrees with Plaintiff that "Swiss is not, as of the date of this briefing, a party to this case."[18] And therefore "Swiss should be afforded the opportunity to present any defenses it may have."[19] "It is elementary

---

[13] Pl.'s Br. Supp. Mot. Vacate 17, ECF No. 1-2.
[14] Def.'s Br. Supp. Mot. Confirm 23, ECF No. 19.
[15] Pl.'s Br. Supp. Mot. Vacate 17, ECF No. 1-2.
[16] *Id.* at 8; Def.'s Br. Supp. Mot. Confirm 8, ECF No. 19.
[17] Def.'s Br. Supp. Mot. Confirm 27, ECF No. 19.
[18] Pl.'s Resp. 18, ECF No. 28.
[19] *Id.*

that one is not bound by a judgment *in personam* resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." *In re Liljeberg Enters.*, 304 F.3d 410, 468 (5th Cir. 2002) (quoting *Zenith Radio Corp. v. Hazeltine Research*, 395 U.S. 100, 110 (1969)). Accordingly, because Swiss is not joined as a party and has not had an opportunity to opine on this issue, the Court declines to enter judgment against it.

## IV.    CONCLUSION

For the forgoing reasons, the Court **GRANTS in part** Defendant's Cross Motion to Confirm Award (ECF No. 17) as to confirming the arbitration award but **DENIES** the Motion as to joint and several liability against Swiss. Plaintiff's Motion to Vacate the Arbitration Award (ECF No. 1) is **DENIED**.  Accordingly, it is hereby **ORDERED** that the Partial Final Award dated April 29, 2025 and the Final Award dated July 9, 2025 are hereby **CONFIRMED**.

**SO ORDERED** on this **31st day** of **March, 2026**.


Ada Brown
UNITED STATES DISTRICT JUDGE